27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
REPUBLICAN PARTY OF NORTH CAROLINA; Marvin K. Gray; Bruce
Briggs; Frederic M. Gallagher; Lloyd Fowler; Joe R.
Wilson; R. Walter White; Ralph A. Walker; Edgar A.
Reading, Jr.; R. Howard Riddle; William R. Sigmon,
Plaintiffs-Appellees,
v.
NORTH CAROLINA STATE BOARD OF ELECTIONS; James B. Hunt,
Governor of North Carolina; Thomas A. Farr; Forsyth County
Board of Elections; Durham County Board of Elections;
Guilford County Board of Elections; June K. Youngblood;
Edward J. High; Jean H. Nelson; Larry Leake; Dorothy
Presser, Defendants-Appellants,
and
NORTH CAROLINA ASSOCIATION OF BLACK LAWYERS, Defendant.
REPUBLICAN PARTY OF NORTH CAROLINA; Marvin K. Gray; Bruce
Briggs; Frederic M. Gallagher; Lloyd Fowler; Joe R.
Wilson; R. Walter White; Ralph A. Walker; Edgar A.
Readling, Jr.; R. Howard Riddle; William R. Sigmon,
Plaintiffs-Appellees,
v.
NORTH CAROLINA ASSOCIATION OF BLACK LAWYERS, Defendant-Appellant,
and
NORTH CAROLINA STATE BOARD OF ELECTIONS; James B. Hunt,
Governor of North Carolina; Thomas A. Farr; Forsyth County
Board of Elections; Durham County Board of Elections;
Guilford County Board of Elections; June K. Youngblood;
Edward J. High; Jean H. Nelson; Larry Leake; Dorothy
Presser, Defendants.
 Nos. 94-1057, 94-1113.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 12, 1994
Decided: June 17, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-88-263-5-F)
 Norma Smithwick Harrell, Special Deputy Attorney General, North Carolina Department of Justice, Raleigh, North Carolina; Geraldine Sumter, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, Charlotte, North Carolina, for Appellants.
 C. Allen Foster, Patton, Boggs & Blow, Greensboro, North Carolina, for Appellees.
 Michael F. Easley, Attorney General, Edwin M. Speas, Jr., Senior Deputy Attorney General, North Carolina Department of Justice, Raleigh, North Carolina; James E. Ferguson, II, Anita Hodgkiss, Fergyson, Stein, Wallas, Adkins, Gresham & Sumter, Charlotte, North Carolina; Michael Crowell, Jaye P. Meyer, Tharrington, Smith & Hargrove, Raleigh, North Carolina, for Appellants.
 Robert N. Hunter, Jr., Marshall Hurley, Patton, Boggs & Blow, Greensboro, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED.
 PER CURIAM:
 
 
 1
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 
 
 2
 The issue presented is the propriety of a preliminary injunction granted by the district court changing the method of electing North Carolina superior court judges. We conclude that the district court did not abuse its discretion in determining that preliminary relief was warranted, but modify in part the relief it granted.
 
 I.
 
 3
 The Republican Party of North Carolina and others (collectively "RPNC") brought this action against the North Carolina State Board of Elections and others (collectively "NCSBE"), claiming that the method of electing superior court judges in North Carolina constitutes a political gerrymander intended to deprive members of the Republican Party, and those aligned with it, of rights guaranteed under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. In an earlier appeal, this court reversed a decision of the district court that had dismissed RPNC's complaint on the basis that it raised a nonjusticiable controversy. Republican Party of N.C. v. Martin, 980 F.2d 943 (4th Cir.1992), cert. denied, 114 S.Ct. 93 (1993). After concluding that the controversy was justiciable, we determined that the complaint failed to state a claim for which relief could be granted for violations of the First Amendment, but that the complaint adequately stated a claim under the Fourteenth Amendment. Id. at 961. Specifically, this court held that RPNC had sufficiently alleged a prima facie case of vote dilution brought about by political gerrymandering, i.e., it had alleged " 'intentional discrimination against an identifiable political group and an actual discriminatory effect on that group.' " Id. at 955-58 (quoting Davis v. Bandemer, 478 U.S. 109, 127 (1986)). Accordingly, the court reversed in part and remanded for further proceedings. Id. at 961.
 
 
 4
 On remand, RPNC sought preliminary injunctive relief. Applying the balancing of hardships test set forth in Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 193 (4th Cir.1977), the district court concluded that preliminary relief was appropriate. Republican Party of N.C. v. Hunt, 841 F.Supp. 722 (E.D.N.C.1994). The court found that RPNC had shown that it would suffer irreparable harm without the grant of preliminary relief because even if it prevailed on the merits, it would "have been effectively disenfranchised for yet another year of superior court elections." Id. at 732. The district court characterized the harm to NCSBE from the grant of preliminary relief to be minor, reasoning that NCSBE would incur only the increased time and costs associated with the additional record keeping required by the preliminary relief contemplated. Id. at 732-33. This harm, the district court determined, was de minimis compared with the constitutional deprivation RPNC would endure without preliminary relief, and therefore, the balance of hardships tipped decidedly in favor of RPNC. Id. at 733. Addressing RPNC's proffered showing of success on the merits, the district court concluded that, "[a]t the very least," RPNC had "raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." Id. Finally, the district court found that the public interest would be "adequately protected and even well served" by its plan of provisional relief. Id.
 
 
 5
 Having determined that preliminary relief was appropriate, the court first extended by several weeks the deadline for filing notices of candidacy for the November 1994 elections for superior court judgeships. Id. It also ordered that the November 1994 elections for superior court judgeships would continue to be conducted on a statewide basis as required by North Carolina law, but that in addition to tallying the votes on a statewide basis, the votes would be tallied for the judicial candidates' divisions and districts.[1] Id. at 733-34. The winner of the election would be determined, under the injunction, by the number of votes received in the judicial candidates' districts. Id. at 734. From this order, NCSBE appeals.[2]
 
 II.
 
 6
 In determining the appropriateness of preliminary injunctive relief, the district court must consider four factors: "(1)the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2)the likelihood of harm to the defendant if the requested relief is granted, (3)the likelihood that the plaintiff will succeed on the merits, and (4)the public interest." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir.1991). The party seeking the injunction must demonstrate that each of these factors favors the grant of preliminary relief. Id.
 
 
 7
 A showing of a likelihood of irreparable harm is the threshold requirement for preliminary injunctive relief. See id. If the district court finds that irreparable injury to the party seeking the preliminary injunction is likely absent the requested relief, it must balance this likelihood of irreparable harm with the probability of harm to the other party if the relief is granted. See id. If the balance of these two considerations clearly weighs in favor of the party seeking relief, the court will grant a preliminary injunction provided the party seeking relief " 'has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.' " Id. at 812-13 (quoting Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir.1991)). The decision of the district court to grant preliminary relief is carefully reviewed by this court for an abuse of discretion. See id. at 814-15.
 
 III.
 
 8
 The district court found that in the absence of preliminary relief RPNC would suffer irreparable harm. First, without preliminary relief, RPNC would suffer irreparable harm of constitutional magnitude through the degradation of its position in the electoral process during the November 1994 elections. Second, even if the district court ruled in RPNC's favor prior to November 1994, relief would be impossible for those elections because Republican candidates would not have offered to run under circumstances that virtually assured their defeat.
 
 
 9
 NCSBE argues that RPNC will not suffer irreparable harm because the district court could order special elections or enjoin the November 1994 elections if RPNC prevails on the merits prior to that time. This argument is telling; NCSBE does not dispute that to the extent the election scheme is violative of the constitution, RPNC would suffer irreparable harm if the scheme is continued through the November 1994 elections due to its inability to participate in those elections in a constitutionally meaningful manner. In contrast, the harm occasioned by increased record keeping by NCSBE is clearly minor. We therefore conclude that in balancing these potential hardships, the district court did not err in finding that the balance tipped decidedly in favor of RPNC.
 
 
 10
 Having established that the balance of hardships clearly weighed in favor of RPNC, the next question is RPNC's chances of success on the merits. Although we agree with NCSBE that the result of this litigation is not a foregone conclusion, we cannot conclude that the district court erred in determining that the claims and evidence advanced by RPNC raise such serious, substantial, and difficult issues that they warrant more deliberate investigation. Finally, the public policy arguments that have been made both for and against injunctive relief do not, in our view, weigh significantly in either direction. Thus, the district court did not abuse its discretion in determining that some form of preliminary injunctive relief was appropriate.
 
 
 11
 Nevertheless, we find the preliminary relief ordered by the district court goes too far. In our view, the lower court failed to consider adequately the fact that it had not only required that election results be tallied on districtwide, divisionwide, and statewide bases, but also required that the winner of the election be determined by the districtwide election results. If NCSBE prevails after newly elected judges are seated, the State could be in a position of having to unseat judges who were elected on a districtwide basis and replace them with the statewide winners. In our view, this prospect establishes more than a likelihood of minor harm. Moreover, the requirement that the winner of the elections be determined by districtwide results deprives the State of the first opportunity to determine how to remedy the constitutional violation, if one is found. See Faulkner v. Jones, 10 F.3d 226, 240-42 (4th Cir.1993) (Hamilton, J., dissenting) (federal courts should permit the state the first opportunity to remedy constitutional violations); Chisom v. Roemer, 853 F.2d 1186, 1192 (5th Cir.1988). Accordingly, we believe some modification of the preliminary relief ordered by the district court is appropriate.
 
 IV.
 
 12
 We therefore order that the decision of the district court granting the preliminary injunction is hereby modified to omit the requirement that the prevailing candidate in the districtwide election shall be declared the winner of the election. Rather, if the November 1994 elections produce a situation in which the winner in the statewide election is not the winner as tallied by the other methods required under the district court order, the judge who presently holds that seat shall holdover in office. If a sitting judge decides not to holdover in office, the Governor may fill the vacancy pursuant to his appointment powers, see N.C. Const. art. IV, Sec. 19, on a temporary basis. These holdover or appointed judges will serve until such time as the district court finally resolves this litigation and appropriate relief, if required, is ordered. We believe that with this modification, the preliminary relief prevents irreparable harm to RPNC, while essentially maintaining the status quo pending resolution of this litigation. We encourage the district court to continue to handle this litigation in an expeditious manner.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 We assume that the district court intended to require that this record keeping be done only for those races that are contested
 
 
 [2]
 The North Carolina Association of Black Lawyers, which had previously been permitted to intervene in the action, also appeals. For ease of reference we refer collectively to all Appellants as "NCSBE."